**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ted Lee PATTERSON,
Defendant–Appellant.**

**No. 87–4529
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 28, 1988.

Ralph M. Dean, Oxford, Miss. (court-appointed), for defendant-appellant.

Robert Q. Whitwell, Alfred E. Moreton, III, Asst. U.S. Attys., Glen H. Davidson, Oxford, Miss. for plaintiff-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Convicted by a jury of conspiracy to possess, transport, dismantle, and dispose of stolen motor vehicles moved in interstate commerce in violation of 18 U.S.C. §§ 371, 511, 2312, 2313, and 2320, Ted Lee Patterson appeals, challenging that part of his sentence which orders restitution. Finding the restitution order consistent with prevailing law and supported by a factual basis of record, we affirm.

Patterson was indicted on one conspiracy count based on 27 overt acts, 13 of which also served as the basis for 13 substantive counts. The jury found Patterson guilty of conspiracy and not guilty of the substantive counts. After receipt of the presentence investigation report, made available to Patterson under Fed.R.Crim.P. 32 and not challenged by him, the court sentenced Patterson to the custody of the Attorney General for five years and ordered restitution in the amount of $19,344.94. Citing ostensibly supportive authorities, Patterson challenges the order of restitution because the prosecutor did not request restitution and offered no proof of the amount of loss at the time of sentencing.

Patterson misperceives controlling law. Restitution was not ordered pursuant to the vintage provisions of 18 U.S.C. § 3651, but, rather, was directed under the relatively new Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3579–80, Pub.L. 97–291 § 5(a), 96 Stat. 1253. Under that Act, the court may order "restitution to any victim," § 3579, based on information gathered and furnished by the probation service, § 3580. Correlative amendments made to Rule 32 of the Federal Rules of Criminal Procedure require that the presentence report contain information about the financial harm or loss suffered by any victim. This report must be timely disclosed to the defendant who may challenge any factual inaccuracy contained therein.

The presentence report, forwarded under seal to this court as a part of the record before the trial court, reflects that the total loss sustained by the victims as a consequence of the criminal conduct was $41,034.83. The two named coconspirators, Rex Morgan Babb and Gerald David Nail, convicted in a companion case for the same criminal conduct, were sentenced to jail terms and each was ordered to make restitution of $10,844.94. Reducing the total loss of $41,034.83 by the restitution of the coconspirators, leaves a remainder of $19,344.95, one penny more than the restitution imposed on Patterson.

Patterson complains that the district court erred because it did not assign specific reasons for the restitution order. Section 3580(a) directs the district court to consider certain factors in determining whether to order restitution. But the statute requires the court to assign reasons only if full restitution is not ordered. Section 3579(a)(2) provides:

If the court does not order restitution, or orders only partial restitution, under this section, the court shall state on the record the reasons therefor.

Five circuits have addressed the question whether reasons must be assigned in those instances in which full restitution is ordered. Three require factual findings; two do not. See United States v. Bruchey, 810 F.2d 456 (4th Cir.1987); United States v. Hill, 798 F.2d 402 (10th Cir.1986); United States v. Palma, 760 F.2d 475 (3d Cir.1985) (requiring factual findings); and United States v. Purther, 823 F.2d 965 (6th Cir. 1987); United States v. Atkinson, 788 F.2d 900 (2d Cir.1986) (not requiring factual findings).

We take a middle course. We are not persuaded that the district court must spread its findings and conclusions on the record in every case in which full restitution is ordered. The decision to assign reasons is committed to the sound discretion of the district court, guided by this singular inquiry—absent an assignment of its reasons, does the record contain sufficient data for the appellate court to perform its mandated review? If the record provides an adequate basis for that review,

the court need not assign specific reasons for its decision to order full restitution. If the record is insufficient, reasons must be assigned.

In the case at bar the record adequately reflects the basis for the restitution order. The judgment is AFFIRMED.