**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jimmy Rogers TUCK, Defendant–Appellant.**

**No. 91–8781.**

United States Court of Appeals, Eleventh Circuit.

June 29, 1992.

Paul S. Kish, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

F. Gentry Shelnutt, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

---

Before COX, Circuit Judge, CLARK *
and WELLFORD **, Senior Circuit Judges.

CLARK, Senior Circuit Judge:

Jimmy Rogers Tuck appeals his sentence imposed by the district court for bank robbery in violation of 18 U.S.C. § 2113(a). Specifically, he challenges a two-level enhancement under the United States Sentencing Guidelines, imposed for making an "express threat of death" while committing the robbery.

## I.

The facts are not in dispute. On March 28, 1991, Tuck entered a branch of theCitizens and Southern National Bank in Norcross, Georgia. He handed a teller in the bank a brown paper bag, and told her to put money into it. The teller did not initially understand what Tuck was doing, but realized quickly his intent to rob the bank. Tuck did not have a weapon, or pretend to have one, but the teller stated that she felt afraid.

The silent alarm activated by a co-worker, the teller put money in the bag. She worked slowly and deliberately, focusing on remembering details of Tuck's face. Other bank employees noted his clothes and the vehicle he drove. After she put money into the bag, Tuck told her that "if she did anything funny he would be back." Ten minutes after he left the bank, a law enforcement officer stopped Tuck and arrested him. The officer noticed a strong odor of alcohol on Tuck's breath. A search of the car revealed $2751.00 in a bag.

Tuck pled guilty to one count of bank robbery. The district court assessed him, *inter alia*, a two-level enhancement under U.S.S.G. § 2B3.1(b)(2)(D) (1990),[1] holding that he made an "express threat of death" during commission of the crime. He ap-

peals this enhancement, arguing that the statement "don't do anything funny or I'll be back" is not an express threat of death.

## II.

U.S.S.G. § 2B3.1(b)(2)(D) (1990) provides that "if an express threat of death was made [during the commission of a robbery], increase [the offence level] by 2 levels." Application Note 7 to this guideline provides examples of what its authors considered such express threats:

[A]n oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead".

The commentary further states that "the intent of the underlying provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery."

This is the first time this guideline has come before this court. A few cases in the Ninth Circuit have involved facts very similar to the examples offered in the guideline commentary. In *United States v. Strandberg*, 952 F.2d 1149, 1151 (9th Cir. 1991), a defendant who told the teller not to pull the alarm "or my friend will start shooting" was found to have made an express threat of death. In *United States v. Eaton*, 934 F.2d 1077, 1079 (9th Cir.1991), the statement "Give me all your money or I'll shoot" was also found to be an express threat of death.

■ We find that the guideline predicates the application of the enhancement on two factors. First, the threat must be ex-

---

* *See* Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Harry W. Wellford, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. This sentencing guideline is presently codified at U.S.S.G. § 2B3.1(b)(2)(F) (1991).

press. Webster's Third New International Dictionary (1976) defines "express" as "Directly and distinctly stated or expressed rather than implied or left to inference: not dubious or ambiguous: definite, clear, explicit, unmistakable." Second, the threat must be of death, or activity that would-cause the victim to be in reasonable apprehension of his or her life.

■ We decline to read broadly the commentary language that applies the enhancement to defendants who have engaged in conduct that may instill "significantly greater fear than that necessary to constitute an element of the offense of robbery." The commentary to the guidelines does not have the force of law, but serves to aid in interpreting the guidelines. This court treats the commentary to the guidelines much like it does the legislative history of a statute: to help determine the intent of the drafter if the statute or guideline is ambiguous. *See* U.S.S.G. § 1B1.7; *United States v. Stinson*, 957 F.2d 813, 814 (11th Cir.1992); *United States v. Williams*, 922 F.2d 737, 740 n. 4 (11th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 258, 116 L.Ed.2d 212 (1991). We do not find Section 2B3.1(b)(2)(D) ambiguous, and read broadly, this portion of the commentary may be inconsistent with the guideline. However, it is possible to construe both the examples and language of Application Note 7 so as to be consistent with the specific provisions of the guideline itself by interpreting the commentary narrowly to apply this enhancement only to defendants who have engaged in conduct that would instill in the victim a reasonable fear for his or her life.

■ In this case, Tuck threatened to "come back." We find that this threat was not an *express* threat of *death*. The threat implied physical harm, and may well have implied death. However, the threat of death was simply not direct, distinct or express.[2] Unlike the threats to shoot in

the Ninth Circuit cases, Tuck's statement, made without a weapon, was not express that he intended to engage in conduct that would cause death or put the teller in a reasonable apprehension of the loss of her life.

Accordingly, we VACATE the sentence and REMAND for resentencing.

---

**2.** The government conceded during the sentencing hearing that the threat was vague (not "express") and did not necessarily imply death. It stated:

> In this case, what we have is a statement basically that he would come back. I think the import to the teller was that he would come back and do damage. Whether the guidelines intended for something that vague to qualify as an express threat of death is really not clear. I mean it's certain that's not as clear a threat as I will kill you, or I'll blow you away, or something like that.