983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry C. WOODS, Defendant Appellant.
 No. 92-2030.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 9, 1992.
Decided Jan. 14, 1993.
 
 Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and BARBARA B. CRABB, Chief District Judge.*
 ORDER
 Jerry Woods pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(a). Woods was sentenced to 96 months in prison. He appeals his sentence. We affirm.
 I.
 Woods received a two-point enhancement in his sentence because he told a security guard during the course of the robbery, "Let go of the bag. Let go of the bag. I don't want to shoot you." Appellant's Brief at 1. The trial court found that this was an express threat of death that, pursuant to the United States Sentencing Guidelines ("U.S.S.G."), requires an increase in Woods' sentence. Woods argues that this statement was an implied threat of death, not an express threat of death.
 The base offense level for bank robbery is 20. U.S.S.G. § 2B3.1(a). Section 2B3.1(b)(2)(F) provides that "if an express threat of death was made, increase by 2 levels." Woods argues that the trial court erroneously interpreted his statement as an express threat of death and increased his sentence by two levels. We disagree. In United States v. Tuck, 964 F.2d 1079 (11th Cir.1992), the court held that an express threat of death occurs where the statement is " '[d]irectly and distinctly stated or expressed rather than implied or left to inference; not dubious or ambiguous: definite, clear, explicit, unmistakable.' " Id. at 1081 (quoting Webster's Third New Int'l Dictionary (1976)). The court stated that "[t]he threat must be of death, or activity that would cause the victim to be in reasonable apprehension of his or her life." Id.
 In this case, we have no difficulty concluding that Woods' statement constituted an express threat of death. His statement, in the context of a bank robbery, could easily have created a reasonable apprehension in the bank guard that his life was threatened. Consequently, the trial court correctly enhanced Woods' sentence two levels.
 Next, Woods challenges the trial court's decision to enhance his sentence two levels for obstruction of justice. The court found that Woods obstructed justice because Woods falsely identified Kevin Brown as his accomplice. Specifically, after Woods was arrested, he implicated Brown in the robbery. Then, at Brown's trial, Woods testified that Brown was not with him during the robbery. Clearly, Woods did not tell the truth at some point--he either lied prior to trial or he lied during Brown's trial.
 U.S.S.G. § 3C1.1 states: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." The Commentary to § 3C1.1 lists certain examples of the types of conduct covered by this section. These include committing perjury, providing materially false information to a judge or magistrate, and providing a materially false statement to a law enforcement officer that significantly obstructs or impedes the official investigation or prosecution of the instant offense.
 This Commentary illustrates that Woods' behavior in this case easily falls into § 3C1.1. Woods either committed perjury at Brown's trial or provided the law enforcement officers with materially false statements about Brown's participation in the robbery. This case is analogous to United States v. Banks, 964 F.2d 687 (7th Cir.), cert. denied, 121 L.Ed. 377 (1992). There, the court found that the defendant offered to cooperate with the government during the course of a criminal investigation, but that the defendant lied about his involvement and activities with respect to a conspiracy to distribute cocaine. The district court in Banks adjusted the defendant's sentence upward based on U.S.S.G. § 3C1.1. 964 F.2d at 693. We held that this was not clearly erroneous and affirmed the upward adjustment of the defendant's sentence. Id.
 Woods, like the defendant in Banks, either lied to law enforcement officials about Brown's involvement in the robbery or lied (and therefore perjured himself) at Brown's trial. As in Banks, the district court in this case properly applied U.S.S.G. § 3C1.1 when sentencing Woods. The district court's enhancement of his sentence for obstruction of justice was not clearly erroneous.
 
 
 1
 Finally, Woods challenges the district court's decision to increase his sentence because of the value of the stolen checks. We have examined this argument and conclude that it lacks merit and does not warrant discussion.
 
 II.
 
 2
 For the foregoing reasons, the judgment of the district court is
 
 
 3
 AFFIRMED.
 
 
 
 *
 Hon. Barbara B. Crabb, Chief District Judge for the Western District of Wisconsin, is sitting by designation