989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronald Dwight POWELL, Defendant-Appellant.
 No. 92-5411.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 4, 1992
Decided: March 29, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-3-5-F)
 Thomas N. Cochran, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Dwight Powell pled guilty to committing four bank robberies in violation of 18 U.S.C.A. § 2113(a) (West Supp. 1992). He appeals his sentence on the ground that the district court erred in raising his base offense level by two levels for making an express threat of death. United States Sentencing Commission, Guidelines Manual, § 2B3.1(b)(2)(F) (Nov. 1991). He contends that he did not make an express death threat and that giving the enhancement for a lesser threat would constitute impermissible double-counting. We review the district court's interpretation of the guideline term de novo, and affirm.
 
 
 2
 In each robbery, Powell gave a note to the teller which stated that he had a gun and would use it. He kept one hand in his pocket as though he were carrying a gun although he never displayed a weapon. Application note 7 to guideline section 2B3.1 gives as one example of an express death threat the statement, "Give me the money or I will shoot." Powell's threat to "use" a gun on the teller is indistinguishable from a threat to shoot her. Although Powell maintains that a gunman may shoot to wound, frighten, or immobilize his victim, decisions in other circuits have held that threats to shoot are express death threats. See United States v. Smith (Maurice Lynell), 973 F.2d 1374 (8th Cir. 1992) (hand held under coat while stating, "You don't want to find out"); United States v. Strandberg, 952 F.2d 1149 (9th Cir. 1991) (warning not to pull alarm or "my friend will start shooting"); United States v. Eaton, 934 F.2d 1077 (9th Cir. 1991) (note stating, "Give Me All Your Money or I'll Shoot"). The Eleventh Circuit has held that the enhancement may be given only if the threat is express or the robber does something which would cause the victim to be in reasonable apprehension of his life. United States v. Tuck, 964 F.2d 1079 (11th Cir. 1992).
 
 
 3
 We agree with the previously cited authorities-and find that they do not support Powell's position. Although Powell argues that his threat to "use" his gun was not an express threat to kill in that he could have meant he would brandish it or fire it to scare people, we believe that a bank teller threatened with being shot is reasonably apprehensive of losing her life. Therefore, the district court correctly determined that Powell had made an express threat of death, and did not err in making the enhancement. Furthermore, because Powell did not make a lesser threat, his argument that the district court penalized him twice for the same conduct cannot prevail.
 
 
 4
 We accordingly affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED