UNITED STATES of America, Plaintiff–Appellee,

v.

Darryl L. CANZATER, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Carl REMILLONG, Defendant–Appellant.

Nos. 91–3534, 91–3602.

United States Court of Appeals, Eleventh Circuit.

July 2, 1993.

Clarence W. Counts, Jr., Asst. Federal Public Defender, Orlando, FL, for Darryl L. Canzater.

Robert W. Genzman, U.S. Atty., Judy K. Hunt, Asst. U.S. Atty., Orlando, FL, Karla Spaulding, Asst. U.S. Atty., Tampa, FL, for U.S. in No. 91–3534.

Joel T. Remland, Asst. Federal Public Defender, Orlando, FL, for Michael Carl Remillong.

Bruce Hinshelwood, Asst. U.S. Atty., Orlando, FL, Karla R. Spaulding, Asst. U.S. Atty., Tampa, FL, Judy K. Hunt, Asst. U.S. Atty., Orlando, FL, for U.S. in No. 91–3602.

Before BIRCH, Circuit Judge, CLARK, Senior Circuit Judge, and HOEVELER *, Senior District Judge.

PER CURIAM:

This consolidated appeal involves two cases in which the defendant's offense level at sentencing was increased because the district court found that the defendant, in committing a robbery, made an "express threat of death" as defined in U.S.S.G. § 2B3.1(b)(2)(D) (1990).[1] We must determine whether the defendants' actions were properly found to constitute an express threat of death. We REVERSE and REMAND.

## I. BACKGROUND

### A. Darryl L. Canzater

On November 15, 1990, Darryl L. Canzater entered a bank and handed the teller a brown paper bag. On the bag were the words, "In the bag a gun 100s and 50s." Presentence Report at 1–2. According to the teller, Canzater then reached into his waistband. The teller filled the bag with money, and Canzater exited the bank. Canzater robbed another bank on November 28, 1990. At this robbery, he gave the teller a bag which stated that he had a gun.

A February 6, 1991, superseding indictment charged Canzater with the November 15 and 28 robberies as well as two other bank robberies in violation of 18 U.S.C. § 2113(a). Canzater pleaded guilty to the November 15 and 28 robberies; the other two charges were dismissed. At sentencing, Canzater objected to the presentence report's proposed two level increase based upon the conclusion that Canzater's actions were an express threat of death as defined in U.S.S.G. § 2B3.1(b)(2)(D), because he implied that he had a gun. The district court overruled Canzater's objection and sentenced him to 63 months imprisonment followed by two years supervised release.

### B. Michael Carl Remillong

Over the course of approximately three years, Michael Carl Remillong robbed ten banks. Seven of the robberies occurred in the Middle District of Florida, and the other three were in the Southern District of Florida. At each bank, Remillong handed the teller a note demanding money. Although there is disagreement over the precise wording of the notes, the substance of the notes was always the same. Remillong, in his appellant brief, claims that the notes stated, "gun, money, no tricks." Appellant's Brief at 4. The presentence report stated that the notes read, "We have weapons, money fast, no tricks." Presentence Report at 3. At sentencing, Remillong contended that the notes stated, "I have a gun and give me your money" and "I have a gun, please hand over the money, or hand over money." R4–3, 7.

On January 16, 1991, Remillong was indicted in the Middle District of Florida for the seven bank robberies in violation of 18 U.S.C. § 2113(a). Pursuant to a plea agreement, Remillong pleaded guilty to the seven counts on March 8, 1991. In June, 1991, Remillong also pleaded guilty to three additional bank robberies that had been transferred from the Southern District of Florida to the Middle District of Florida.

At sentencing, Remillong objected to the presentence report's proposed two level increase based upon the conclusion that the notes were an express threat of death as defined in U.S.S.G. § 2B3.1(b)(2)(D). The district court overruled Remillong's objection and sentenced him to 97 months imprisonment followed by three years supervised release.

## II. DISCUSSION

■ We review the district court's factual findings at sentencing under the clearly erroneous standard. *United States v. Howard*, 923 F.2d 1500, 1503 (11th Cir.1991). The application of law to facts at sentencing is subject to *de novo* review. *United States*

* Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. This sentencing guideline is presently codified at U.S.S.G. § 2B3.1(b)(2)(F) (1992).

*v. Burton,* 933 F.2d 916, 917 (11th Cir.1991) (per curiam).

The sentencing guidelines assign a base offense level of 20 for bank robbery. U.S.S.G. § 2B3.1(a). The guidelines then provide for an increase in the offense level based upon actions of the defendant during the robbery:

> (A) If a firearm was discharged, increase by 5 levels; (B) if a dangerous weapon (including a firearm) was otherwise used, increase by 4 levels; (C) if a dangerous weapon (including a firearm) was brandished, displayed, or possessed, increase by 3 levels; or (D) if an express threat of death was made, increase by 2 levels.

Section 2B3.1(b)(2).

This case is controlled by *United States v. Tuck,* 964 F.2d 1079, 1081 (11th Cir.1992). In *Tuck,* the defendant, during a unarmed bank robbery, told the teller, "don't do anything funny or I'll be back." *Id.* at 1080. We held that an enhancement under Section 2B3.1(b)(2)(D) is appropriate only when the threat of death is express, meaning directly or distinctly stated, and not when the threat is implied or left to inference. *Id.* at 1081. Because Tuck's statements or actions did not clearly or distinctly threaten death, his offense level was determined to have been improperly increased.

Applying *Tuck* to the present cases requires the reversal of the two level increase in both cases. In Canzater's case, at one robbery, he gave a note to the teller that stated "In the bag a gun 100s and 50s" and then put his hand in his waistband. At the other he gave the teller a bag that stated that he had a gun. These facts do not rise to the level of an clearly indicated or *express* threat of death.

In Remillong's case, the tellers were given notes that stated, in substance, "I have a gun, give me money." Again the notes do not distinctly indicate a threat of death. The statement, "I have a gun" is not a express threat of death within the context of Section 2B3.1(b)(2)(D) (1990). Instead, it may imply a threat to use the gun, but that does not constitute an express death threat. We, therefore, hold that in each case the district court clearly erred in finding that the defendant made an express threat of death and in increasing the defendant's offense level.

## III. CONCLUSION

The sentencing courts' findings that Canzater and Remillong made express threats of death is clearly erroneous. We REVERSE the sentences imposed in both cases and REMAND for resentencing.