United States Court of Appeals, Eleventh Circuit.

No. 94-2647

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Carl REMILLONG, Defendant-Appellant.

June 19, 1995.

Appeal from the United States District Court for the Middle District of Florida. (Nos. 91-7-Cr-ORL-18, 91-94-CR-ORL-18), G. Kendall Sharp, Judge.

Before KRAVITCH, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Michael Carl Remillong appeals the district court's sentencing order requiring him to make restitution of $29,251.00, the amount that he pled guilty of robbing from ten banks. This is the third time that we have reviewed Remillong's sentencing by Judge G. Kendall Sharp in this case.[1] *See United States v. Canzater,* 994

---

[1] In the first appeal of his sentence, we determined that Judge Sharp "clearly erred" in enhancing Remillong's sentence by two levels for an express threat of death in connection with the bank robberies as defined by U.S.S.G. § 2B3.1(b)(2)(D) (presently U.S.S.G. § 2B3.1(b)(2)(F)). *United States v. Canzater,* 994 F.2d 773, 775 (11th Cir.1993) (per curiam) (Remillong's case was consolidated with that of defendant-appellant Darryl L. Canzater on the issue of what language or action constitutes an express threat of death). At the resentencing hearing, Judge Sharp deleted the two-level, express-threat-of-death enhancement in accordance with this court's mandate in *Canzater,* but then enhanced Remillong's sentence by *three levels* pursuant to U.S.S.G. § 2B3.1(b)(2)(E), for the possession of a dangerous weapon during the bank robberies, when no weapon was involved, and reaffirmed his previous sentencing order that Remillong make restitution of $29,251.00. We note, however, that the three-level enhancement appears to be Judge Sharp's attempt to circumvent this court's direction in *Canzater,* where we explained that "[t]he statement, 'I have a gun' " may only be a bald threat, which does not necessarily mean that a gun was present during the commission of the robbery. *Canzater,* 994 F.2d at 775.

F.2d 773 (11th Cir.1993) (per curiam) ("*Remillong I* ");  *United States v. Remillong,* No. 93-3034, 20 F.3d 1174 (11th Cir. Apr. 12, 1994) ("*Remillong II* ").  In vacating and remanding the second appeal of Judge Sharp's sentencing order for Remillong, we explicitly explained to Judge Sharp:

> The use of restitution as part of a sentence is governed by 18 U.S.C. §§ 3663 and 3664.  Section 3664(a) states as follows:
>
> > (a)  The court, in determining whether to order restitution under section 3663 of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
>
> Also, U.S.S.G. § 5E1.1 establishes rules for the district courts to consider when imposing restitution.  *One element which must be fully considered is the financial condition and the ability of a defendant to pay.  The record in this case demonstrates that the district court failed to adequately consider the statutory factor of ability to pay under 18 U.S.C. § 3664(a).*  This constitutes an abuse of discretion requiring remand for resentencing in accordance with the statute.

*Remillong II,* at 3-4 (quoting 18 U.S.C. § 3664(a)) (emphasis added).

---

Remillong appealed Judge Sharp's amended sentencing order on two bases:  (1) the three-level enhancement for possessing a dangerous weapon pursuant to § 2B3.1(b)(2)(E), and (2) abuse of discretion for ordering restitution without fully considering Remillong's financial condition and ability to pay.  Concerning possession of a dangerous weapon, we vacated Remillong's sentence and "remand[ed] for resentencing with directions that Remillong be resentenced without the three-level enhancement for possession of a dangerous weapon" in accordance with *Canzater.  United States v. Remillong,* No. 93-3034, at 3, 20 F.3d 1174 (11th Cir. Apr. 12, 1994).  As to the restitution portion of the sentencing order, we remanded for consideration of Remillong's financial condition and ability to pay restitution.  *Id.* at 3-4.  When on remand Judge Sharp did not follow our direction, this third appeal followed.

Following our *Remillong II* opinion, Remillong filed a motion to correct his sentence. Judge Sharp, however, refused to eliminate his restitution order. Judge Sharp handwrote across the top of Remillong's motion to correct his sentence: "Because this case involves a bank robbery and defendant had physical possession of the money, restitution of $29,251.00 is appropriate." R1-57; *see* Appendix. Consequently, this third appeal from Remillong's sentencing ensued.[2]

We review a district court's restitution order for abuse of discretion.[3] *United States v. Husky,* 924 F.2d 223, 225 (11th Cir.), *cert. denied,* 502 U.S. 833, 112 S.Ct. 111, 116 L.Ed.2d 81 (1991). The Victim and Witness Protection Act ("VWPA"), 18 U.S.C. §§ 3663-64, authorizing restitution to victims of crimes, "specifically directs a sentencing judge to consider not only the victim's injury, *but also* "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.' " *United States v. Barnette,* 10 F.3d 1553,

---

[2]Remillong has completed the incarceration portion of his sentence.

[3]Under 18 U.S.C. § 3663(a)(1), a district court "may order" restitution as part of a sentence. *Id.* Thus, restitution is a "discretionary, not mandatory, element of defendant's sentence, and it can only be imposed if the sentencing court considers" a defendant's financial ability to pay pursuant to § 3664(a). *United States v. Tortora,* 994 F.2d 79, 81 (2d Cir.1993). "After considering the evidence, the district court may (1) impose restitution payable immediately, (2) impose restitution payable within a specified period or in specified installments consistent with § 3663(f), (3) order the defendant, in lieu of monetary restitution or in conjunction therewith, to perform services for the benefit of the victim under *Guidelines* § 5E1.1(c), or (4) decline to impose restitution pursuant to § 3663(d)." *United States v. Clark,* 901 F.2d 855, 856-57 (10th Cir.1990).

1556 (11th Cir.) (quoting 18 U.S.C. § 3664(a)), *cert. denied,* --- U.S. ----, 115 S.Ct. 74, 130 L.Ed.2d 28 (1994). "This requirement ensures that a defendant will be able to pay restitution, and also ensures that restitution payments will not unduly limit his right to appeal." *United States v. Kress,* 944 F.2d 155, 163 (3d Cir.1991), *cert. denied,* 502 U.S. 1092, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *see United States v. McIlvain,* 967 F.2d 1479, 1481 (10th Cir.1992) ("[W]hen a district court orders restitution it must be consistent with a defendant's ability to pay."). "A district court's failure to make a restitution order with which a defendant could possibly be expected to comply threatens respect for judicial orders generally." *United States v. Bailey,* 975 F.2d 1028, 1032 (4th Cir.1992); *see United States v. Mahoney,* 859 F.2d 47, 52 (7th Cir.1988) ("[A]n impossible order of restitution ... is nothing but a sham, for the defendant has no chance of complying with the same, thus defeating any hope of restitution and impeding the rehabilitation process."). Thus, "we will not uphold the district court's exercise of discretion if the record is devoid of any evidence that the defendant is able to satisfy the restitution order." *United States v. Patty,* 992 F.2d 1045, 1052 (10th Cir.1993).

While we have determined that a "defendant's indigency at the time of sentencing is not a bar to an order of restitution under the VWPA," *United States v. Stevens,* 909 F.2d 431, 435 (11th Cir.1990), we nonetheless have required that the district court evaluate the defendant's financial condition and ability to pay before determining the restitution amount, *United States v. Cobbs,*

967 F.2d 1555, 1558 (11th Cir.1992) (per curiam); *Stevens,* 909 F.2d at 435.[4] *See United States v. Logar,* 975 F.2d 958, 964 (3d Cir.1992) (holding that, while restitution can be legally ordered for indigent defendants, a sentencing court must consider and find that the defendant has the future financial ability to pay the restitution ordered, or the restitution order is purely speculative). Further, we have held under *Hughey v. United States,* 495 U.S. 411, 413, 110 S.Ct. 1979, 1981, 109 L.Ed.2d 408 (1990), that the "district court is authorized to order restitution only for the loss caused by the specific conduct underlying the offense of conviction."[5] *Cobbs,* 967 F.2d at 1559. Judge Sharp, however, "apparently focused only on the amount of loss to the victim[s]" without considering Remillong's future ability to pay the ordered restitution as required by section 3664(a). *United States v.*

---

[4]When district courts have ordered restitution without consideration of financial ability to pay, other circuits have remanded for this specific evaluation under § 3664(a). *See, e.g., United States v. Turcks,* 41 F.3d 893 (3d Cir.1994); *United States v. Johnson-Wilder,* 29 F.3d 1100, 1105-07 (7th Cir.1994); *United States v. Lively,* 20 F.3d 193, 203-04 (6th Cir.1994); *Kok v. United States,* 17 F.3d 247, 251 (8th Cir.1994); *United States v. Molen,* 9 F.3d 1084, 1087 (4th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1649, 128 L.Ed.2d 368 (1994); *United States v. Newman,* 6 F.3d 623, 631 (9th Cir.1993); *United States v. Tortora,* 994 F.2d 79, 81 (2d Cir.1993); *United States v. McIlvain,* 967 F.2d 1479, 1480-82 (10th Cir.1992).

[5]Other circuits have held that restitution under the VWPA does not include consequential damages, such as attorney fees and expenses. *See Virgin Islands v. Davis,* 43 F.3d 41, 46-47 (3d Cir.1994); *United States v. Patty,* 992 F.2d 1045, 1049 (10th Cir.1993); *United States v. Mullins,* 971 F.2d 1138, 1147 (4th Cir.1992); *United States v. Arvanitis,* 902 F.2d 489, 497 (7th Cir.1990); *United States v. Barany,* 884 F.2d 1255, 1261 (9th Cir.1989); *United States v. Mitchell,* 876 F.2d 1178, 1184 (5th Cir.1989); *see also United States v. Husky,* 924 F.2d 223, 225-27 (11th Cir.) (finding restitution unavailable for mental anguish), *cert. denied,* 502 U.S. 833, 112 S.Ct. 111, 116 L.Ed.2d 81 (1991).

*Newman,* 6 F.3d 623, 631 (9th Cir.1993).

The defendant bears the burden of demonstrating his financial resources by a preponderance of the evidence. 18 U.S.C. § 3664(d). At sentencing, Remillong testified that he had no financial ability to pay the ordered restitution, no cash flow and no money in a bank. R5-9. Additionally, he testified that he committed the bank robberies because he "needed money" because of his "economic problems" resulting from not having a job. *Id.* at 7. Remillong's Presentence Report ("PSR") shows that his only asset was a 1979 Ford pickup truck valued at approximately $1,000.00, and that he had a loan liability of $3,000.00. [6] The PSR, which Judge Sharp adopted at sentencing, states that "it does not appear that [Remillong] has the ability to pay a fine." PSR at 15. No evidence was presented to show future ability to pay the restitution ordered.[7] Despite this record evidence and in blatant

_____

[6]Remillong's PSR shows that he has a high school education and that he worked sporadically at minimum wage for several years before the robberies.

[7]*See United States v. McIlvain,* 967 F.2d 1479, 1481 (10th Cir.1992) ("The potential for repayment cannot be based on mere chance."). In *McIlvain,* both the government and defendant agreed that the record at sentencing "did not contain a basis on which to order the payment of restitution" of $160,248.00, where the defendant had "no assets, no steady employment, no source of income, a high school education, ... debt of $700[,] ... had sought Aid to Families with Dependent Children and lived with his mother"; thus, he had no "present ability to pay" and no "significant future earning capacity." *Id.; see United States v. Grimes,* 967 F.2d 1468, 1473 (10th Cir.) (holding abuse of discretion to order defendants to pay restitution of $128,279.05 for which their PSRs indicated that they had "neither the assets nor the earning potential to pay"), *cert. denied,* --- U.S. ----, 113 S.Ct. 355, 121 L.Ed.2d 269 (1992); *United States v. Kelley,* 929 F.2d 582, 587 (10th Cir.) (although PSR showed that sixty-year-old defendant had little work experience and the district court "recognized that she had no present ability to pay anything," it erroneously ordered restitution of $192,092.00),

contravention of the adopted PSR, Judge Sharp ordered restitution of the cumulative amount taken from the ten banks.

We have determined that district courts are not required to make factual findings whenever they impose a restitution order *if the appellate record provides sufficient reasons for the decision to order full restitution. United States v. Hairston,* 888 F.2d 1349, 1352-53 (11th Cir.1989); *accord United States v. Lombardo,* 35 F.3d 526, 529-30 (11th Cir.1994) (per curiam). Our review of the record in this case, particularly the PSR, causes us to believe that Judge Sharp "effectively ignored the requirements of the statute" by failing to consider evidence of Remillong's financial inability to pay the ordered restitution in the record before him. *Bailey,* 975 F.2d at 1032. "A defendant claiming that the district judge failed to consider a mandatory sentencing factor [under section 3664(a) ] must show either that (1) it is not improbable that the judge failed to consider the mandatory factor and was influenced thereby, or (2) the judge explicitly repudiated the mandatory factor." *United States v. Murphy,* 28 F.3d 38, 41 (7th

---

*cert. denied,* 502 U.S. 926, 112 S.Ct. 341, 116 L.Ed.2d 280 (1991); *cf. United States v. Bondurant,* 39 F.3d 665, 668 (6th Cir.1994) (affirming restitution of $4,736.48 because of defendant's "intelligence and relatively extensive academic background, and his likely ability to secure a job and repay the small amount at issue"). Additionally, other circuits specifically inquire into future earning capacity in determining whether the record supports a restitution order. *See United States v. Ramilo,* 986 F.2d 333, 336 (9th Cir.1993); *United States v. Rogat,* 924 F.2d 983, 985 (10th Cir.1991); *United States v. Paden,* 908 F.2d 1229, 1237 (5th Cir.1990), *cert. denied,* 498 U.S. 1039, 111 S.Ct. 710, 112 L.Ed.2d 699 (1991); *United States v. McClellan,* 868 F.2d 210, 212-13 (7th Cir.1989); *United States v. Brown,* 744 F.2d 905, 911 (2d Cir.1984).

Cir.1994).[8]  Clearly, Remillong has satisfied both parts of this disjunctive standard.  *See United States v. Clark,* 901 F.2d 855, 857 (10th Cir.1990) (vacating restitution order in bank embezzlement case because district court abused its discretion by not considering the defendant's proof by a preponderance of the evidence of his inability to pay the restitution order when ordered or in the near future).

After specifically being instructed by this court in *Remillong II* to assess on remand Remillong's financial capability to pay restitution pursuant to section 3664(a), Judge Sharp's cryptic handwritten notation that Remillong owes full restitution because he once had physical possession of the money is more than irresponsible, it is defiant.  Far from performing the assessment that he specifically was instructed to conduct in *Remillong II,*[9] Judge Sharp's cursory handwritten notation dashed at the top of Remillong's motion to correct his sentence evidences Judge Sharp's disregard for this court's instruction and mandate.[10]  The problem

---

[8]*Accord United States v. Reese,* 998 F.2d 1275, 1280-81 (5th Cir.1993) ("An order of restitution will be reversed on appeal only when the defendant shows that it is probable that the court failed to consider a mandatory factor and the failure to consider the mandatory factor influenced the court.").

[9]Judge Sharp has shown himself capable of considering financial ability to pay restitution;  in a previous case, he ordered restitution to be one half of the amounts shown in the PSR.  *United States v. Stevens,* 909 F.2d 431, 434-35 (11th Cir.1990).

[10]As the government candidly recognizes in its appellate brief:

> Given this Court's ruling [in *Remillong II* ], *the district court on remand should have addressed explicitly its consideration of the "ability to pay" factor.*  Instead, the district court noted merely that

in this case is not that restitution was ordered, but that Judge Sharp failed to evaluate Remillong's financial ability to pay as statutorily required and *as mandated by this court.*

Regrettably, this case is not an aberration. We previously have reversed and/or remanded cases to Judge Sharp for failing to provide factual and legal explanations for his rulings or actions. *See, e.g., Imperial Residential Design, Inc. v. Palms Dev. Group, Inc.,* 29 F.3d 581, 583 (11th Cir.1994) (per curiam) ("Before we can effectively review this appeal, we need an explanation from the district court about its factual and legal conclusions on the standing issue."); *Rodgers ex rel. Jones v. Bowen,* 790 F.2d 1550, 1553 (11th Cir.1986) ("In the absence of prior resort to less severe sanctions which were available, we conclude that the district court abused its discretion in dismissing ... [the] action" [of plaintiff-appellant for slight delay in paying the filing fee after denying her application to proceed *in forma pauperis* ].); *United States v. Bergouignan,* 764 F.2d 1503, 1507 (11th Cir.1985) ("When the government's failure to support its allegation ... is coupled with the district court's failure to explain its reasons for denying the motion to dismiss, ... we have no way of ascertaining whether the motion was properly denied.... Given the paucity of the record before us, we have no alternative

---

Remillong "had physical possession" of the stolen money and then found that restitution was appropriate. *The district court's comment was inadequate. It does not directly indicate that the court considered Remillong's ability to pay restitution.* As a result, *this Court should remand for further proceedings on this issue.*

Appellee's Brief at 10 (citation omitted) (emphasis added).

but to remand to the district court for a determination of the number of excludable days, if any, between the arrest and the dismissal of the complaint."), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988).

We have gently chided Judge Sharp for his failure to provide reasoning for dismissing a claim " "without prejudice and without leave to amend' " by stating that, "[w]hile the failure of a lower court to give reasons for its disposition of an action makes review difficult, it does not necessarily preclude affirmance where appropriate reasons for dismissal are readily apparent." *Grant v. County of Seminole,* 817 F.2d 731, 732 (11th Cir.1987) (per curiam). We also have used the severe remedy of reassigning a case when Judge Sharp abused his discretion by refusing to grant an evidentiary hearing. *United States v. Yesil,* 991 F.2d 1527, 1533 (11th Cir.1992). Analogous to discretion being limited in ordering restitution by considering the financial ability of the defendant to pay, we explained to Judge Sharp in *Yesil* that discretionary acceptance of a plea agreement " *obligate[s]* " the district court "to accept the government's proffered information," causing the court to lose "its usual discretion to determine whether or not to grant a party's request for an evidentiary hearing." *Id.* at 1532. In reversing, remanding and reassigning that case, we held that Judge Sharp "abused this limited discretion when he refused to grant the requested Rule 35 evidentiary hearings." *Id.*

Additionally, we specifically have addressed Judge Sharp's handwritten notations for failing to give reasons for dispositive orders. *Seamon v. Vaughan,* 921 F.2d 1217, 1220 (11th Cir.1991)

(per curiam).   In vacating and remanding Judge Sharp's discretionary attorney fees award, we explained:

> The basis for the district court's award of attorney fees is unclear. *The court failed to make any findings of fact* to support the $25,000.00 amount. Its *only explanation* was a *cryptic handwritten comment* relating to duplication of attorney services. The district court did not explain why it eliminated half of the claimed attorney fees as duplicative. As a result, *we are unable to review the district court's exercise of discretion,* either on appeal or cross-appeal.

*Id.* (emphasis added).

We are greatly troubled that Judge Sharp continues to ignore or circumvent specific directives and mandates from this court in his adjudication of cases before him.  His deliberate defiance of our mandate in *Remillong II,* however, not only shows a disregard for our explicit instruction, complete with our quoting the governing statute to him, but also disregard for Remillong, who is before Judge Sharp for a just resolution of his case. Additionally, this third sentencing appeal in this case exemplifies the judicial inefficiency that results from such obstinate conduct.

Apparently, the only way that we can obtain compliance from Judge Sharp in this case is to outright reverse or vacate his rulings with the instruction that he *cannot* rule a particular way, as evidenced by Remillong's first two sentencing appeals.  *See supra* note 1.  When he had the opportunity to exercise discretion, as with the evaluation of Remillong's ability to pay restitution, Judge Sharp stubbornly persisted in his questioned decision without reasonable explanation or justification.  We *again* hold that Judge Sharp abused his discretion in complying with the requirements of section 3664(a) in evaluating Remillong's ability to pay restitution and, further, specifically defied our mandate in

*Remillong II.* From Judge Sharp's rulings on the two prior remands in this case, we have no confidence that he will perform the appropriate evaluation of Remillong's financial condition on another remand concerning the same restitution issue.

Accordingly, we VACATE Remillong's restitution order and REMAND this case to the Chief Judge of the Middle District of Florida to REASSIGN to a different district judge for further proceedings consistent with this opinion.[11] As we have explained herein, the present record will not support a conclusion that Remillong presently or in the foreseeable future can pay the cumulative amount taken from the victim banks of $29,251.00. It appears that an evidentiary hearing would be useful in assessing Remillong's present and future ability to pay restitution.[12]

---

[11]"We have the authority to order reassignment of a criminal case to another district judge as part of our supervisory authority over the district courts in this Circuit." *United States v. Torkington,* 874 F.2d 1441, 1446 (11th Cir.1989) (per curiam); *see* 28 U.S.C. § 2106. In determining whether to reassign a case, we consider "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." *Id.* As we have explained in our opinion, this case clearly meets these criteria for reassignment. Additionally, we have held that "cases that have maintained a "stalemated posture' because of the district judge's intransigence *require reassignment* to another judge." *United States v. White,* 846 F.2d 678, 695 (11th Cir.) (quoting *Brooks v. Central Bank,* 717 F.2d 1340, 1343 (11th Cir.1983) (per curiam)) (emphasis added), *cert. denied,* 488 U.S. 984, 109 S.Ct. 537, 538, 102 L.Ed.2d 568 (1988).

[12]We are cognizant that we have determined that a district court is not obligated to make explicit factual findings concerning financial condition as to ability to pay restitution *if the record provides an adequate basis for review. United States v. Hairston,* 888 F.2d 1349, 1352-53 (11th Cir.1989). The present record cannot provide a sufficient basis for review because the 1991 PSR likely is obsolete since Remillong is no

longer incarcerated and knowledge of his present occupation, obligations and responsibilities as well as future earning capacity would be helpful in determining appropriate restitution. Additionally, after *three* sentencing appeals, a proper assessment of Remillong's financial condition has yet to be undertaken.