**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                               No. 97-4365

BOBBY GRAVES RIGGLEMAN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-1)

Submitted: January 27, 1998

Decided: February 17, 1998

Before HALL and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Lloyd Snook, III, SNOOK & HAUGHEY, P.C., Charlottesville,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Nancy S. Healey, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Graves Riggleman, Jr., appeals the thirty-eight month sentence he received after he pled guilty to bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1997). He contends that the district court erred in finding that he made an express threat of death during the robbery and enhancing his sentence accordingly. See U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (1995).* We affirm.

Riggleman gave a note to the bank teller which read,"Give me all your money." He said nothing to her. However, he kept his right hand in the pocket of his sweatshirt, and it appeared to the teller that he had a gun which was pointed at her. When she hesitated, Riggleman moved his concealed hand several times in a way which she perceived as threatening. The teller gave Riggleman $3775 in cash and he left the bank. Because snow had recently fallen, the police were able to follow Riggleman's footprints to his house nearby and arrest him almost immediately. No weapon was found.

A express threat of death may be made in "an oral or written statement, act, gesture, or combination thereof." USSG§ 2B3.1, comment. (n.6). The enhancement is intended for "conduct that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." Id. The circuits have split over how explicit the threat must be. The Eleventh and Sixth Circuits take a restrictive view. See United States v. Alexander, 88 F.3d 427, 428-31 (6th Cir. 1996); United States v. Canzater, 994 F.2d 773, 775 (11th Cir. 1993). The majority of circuits which have addressed the issue, however, have taken a more expansive view. See United States v. Figueroa, 105 F.3d 874, 877-79 (3d Cir. 1997); United States v. Robinson, 86 F.3d 1197,

_____

*Riggleman was sentenced in April 1997.

2

1200 (D.C. Cir. 1996); <u>United States v. France</u>, 57 F.3d 865, 867 (9th Cir. 1995); <u>United States v. Hunn</u>, 24 F.3d 994, 997 & n.5 (7th Cir. 1994); <u>United States v. Lambert</u>, 995 F.2d 1006, 1008 (10th Cir. 1993); <u>United States v. Smith</u>, 973 F.2d 1374, 1378 (8th Cir. 1992). Following the majority, this court held in <u>United States v. Murray</u>, 65 F.3d 1161, 1166-67 (4th Cir. 1995), that a demand for money coupled with a statement that a gun is pointed at the teller is a threat to shoot the teller, and that "a threat to shoot a firearm at a person during a robbery, created by any combination of statements, gestures, or actions that would put an ordinary victim in reasonable fear for his or her life, is an express threat of death under§ 2B3.1(b)(2)(F)," even if the robber does not have a weapon. <u>Murray</u>, 65 F.3d at 1167. Also in <u>Murray</u>, this court quoted with approval the language in <u>Hunn</u> that "pointing one's hand, hidden in a coat so as to imitate the presence of a handgun aimed at another, is well within the plain text of § 2B3.1(b)(2)(F) and its accompanying commentary." <u>Id.</u> This case is governed by <u>Murray</u>. Consequently, we find that the district court did not err in finding that Riggleman made an express threat of death.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3