United States Court of Appeals,

Eleventh Circuit.

No. 96-5348

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Charles FOX, John Franklin, Defendants-Appellants.

May 13, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-787-CR-DLG), Donald L. Graham, Judge.

Before EDMONDSON and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Charles Fox and John Franklin appeal from their convictions and sentences for conspiracy to commit bank robbery and carrying or using a firearm during and in relation to a crime of violence. The only issue raised by Fox on appeal is whether the trial court erred in failing to grant his motion to suppress his pre-trial identification by a bank teller on the grounds that the photographic line-up used was unduly suggestive. Franklin raises three claims on appeal, arguing that his conviction and sentence should be reversed because: (1) his post-arrest confession should not have been admitted because the government intentionally failed to preserve that portion of his statement which was exculpatory; (2) the government failed to present sufficient evidence to support a finding that the deposits of the Credit Union Service Center, a victim institution, was federally insured, a necessary element of the bank robbery offense; and (3) the trial court erred in ordering him to pay restitution.

Upon review of the relevant portions of the record and the briefs of the parties, we conclude that the district court did not abuse its discretion in finding that, under the circumstances, the

photographic array was not suggestive and did not create a risk of misidentification. Nor did the district court abuse its discretion in denying Franklin's motion to exclude his confession. We also conclude that the government presented sufficient evidence of the Credit Union Service Center's federal insurance. Accordingly, we AFFIRM both Fox's and Franklin's convictions.

However, we REVERSE the portion of the trial court's sentence that orders Franklin to make restitution. The pre-sentence investigation report ("PSR") noted that Franklin had not finished high school, had only a limited ability to make a living, had spent eleven years in state prison from 1978 to 1989, and had no significant assets, and concluded that he was unable to pay a fine.

The Government argues that Franklin failed to make a timely objection regarding the restitution issue because defense counsel did not raise that issue until after the judge announced the sentence. The Government's argument is plainly without merit. In *United States v. Jones,* 899 F.2d 1097, 1102 (11th Cir.1990), overruled on other grounds, 984 F.2d 1136 (11th Cir.1993) (en banc), exercising our supervisory power over the district courts, we instructed the courts "to elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." We specifically noted that the probation officer's addendum to the PSR, incorporating the parties' initial objections to the officer's findings, "cannot serve ... to limit the objections cognizable on appeal, because it does not take into account what transpires at the sentencing hearing itself." *Id.* After imposing sentence, the district court inquired whether Franklin objected "to the Court's findings of fact or the manner in which sentence was pronounced." Franklin's attorney immediately gave the following response:

> Your Honor, the only thing is that I don't think Mr. Franklin has any realistic expectation of being able to pay restitution in [the amount ordered].

2

The [PSR] indicates he doesn't have even the assets to pay a fine at this time. It's unlikely in 42 years he'll have any more significant assets.

Clearly, Franklin's objection to the court's restitution order was not waived.

As to the merits of Franklin's claim, we find that the district court failed to comply with the requirements of the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663-64. The VWPA provides that the sentencing court "shall consider ... the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate" before ordering restitution. 18 U.S.C. § 3664(a) (emphasis supplied). The government suggests that *United States v. Davis,* 117 F.3d 459, 463 (11th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 355, 139 L.Ed.2d 276, and --- U.S. ----, 118 S.Ct. 395, 139 L.Ed.2d 309 (1997), precludes relief because Franklin failed to meet his burden of demonstrating his financial resources by a preponderance of the evidence. However, as we stated in *United States v. Twitty,* 107 F.3d 1482, 1493 (11th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 253, 139 L.Ed.2d 181 (1997), on which *Davis* relies:

> district courts are not obligated to make explicit factual findings of a defendant's ability to pay restitution if the record provides an adequate basis for review. [Citations omitted.] Conversely, "we will not uphold the district court's exercise of discretion if the record is devoid of any evidence that the defendant is able to satisfy the restitution order." *United States v. Remillong,* 55 F.3d 572, 574-75 (11th Cir.1995) (quoting *United States v. Patty,* 992 F.2d 1045, 1052 (10th Cir.1993)). [Footnote omitted.] "If the record is insufficient, reasons must be assigned." *Hairston,* 888 F.2d at 1353 (quoting *United States v. Patterson,* 837 F.2d 182, 183-84 (5th Cir.1988)). (emphasis supplied).

In both *Davis* and *Twitty,* the PSR contained sufficient information to clearly support the district court's conclusion that the defendants in those cases had the ability to pay restitution. In this case, the converse is true. The PSR makes clear that Franklin does not have the financial ability to make restitution. The government's argument that the fact that some of the proceeds of the robbery

were not recovered is not an adequate basis, in and of itself, for a finding that a defendant had the financial ability to pay restitution. *See Remillong,* 55 F.3d at 575-76.

AFFIRMED IN PART and REVERSED AND REMANDED IN PART.