# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

————————————

No. 99-40641

(Summary Calendar)

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL RODRIGUEZ-CERDA,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. M-98-CR-496-1

May 25, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniel Rodriguez-Cerda ("Rodriguez") pled guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He now appeals the district court's order that he pay $26,217.95 in restitution.

Restitution for Rodriguez's offense is authorized by 18 U.S.C. § 3663, which identifies certain factors the court "shall consider" "in determining whether to order restitution under this section." 18 U.S.C. § 3663(a)(1)(B)(i) (listing the victims' loss, the defendant's financial resources, the defendant's earning ability, and his dependents' needs). Rodriguez argues that the court failed to

———————————

  [*]   Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

consider these factors, but this is belied by the record.[1] The pre-sentence report ("PSR") contained adequate information on these factors. The court declined to impose a fine on Rodriguez because of his indigency, indicating that it considered the information in the PSR. It then noted the loss suffered by the victims and expressly adopted "all justifications" set forth in the PSR.

Moreover, we require no express findings on the § 3663 factors when the record contains information which allows us to review the court's restitution order. *See United States v. Patterson*, 837 F.2d 182, 183-84 (5th Cir. 1988). Because the PSR allows us to review the court's decision, the court was not required to make express findings.

Rodriguez also argues that restitution was improper in light of his indigency.[2] While the PSR showed that he had minimal assets, education, and job skills, and that he had two dependents, we have upheld far larger restitution orders against similarly-situated defendants. *See, e.g.*, *United States v. Schinnell*, 80 F.3d 1064, 1071-72 (5th Cir. 1996); *United States v. Ryan*, 874 F.2d 1052, 1054 (5th Cir. 1989). Thus, the district court did not abuse its discretion by ordering restitution. *Cf. United States v. Blocker*, 104 F.3d 720, 737 (5th Cir. 1997).

Affirmed.

---

[1] The government argues that we should only review Rodriguez's appellate claims for plain error, as he did not preserve them below. We need not resolve this question as, even assuming Rodriguez preserved his claims below, they plainly lack merit.

[2] He does not challenge the court's calculation of the victims' loss. Nor does he challenge the court's finding that these persons were victims of his offense.