[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13207
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03822-ODE

SANDRA D. STARGEL,                              Plaintiff,

SELETHIA PRUITT,
and all others similarly situated,

                                        Plaintiff - Appellant,

versus

SUNTRUST BANKS, INC.,
THE SUNTRUST BANKS, INC. BENEFITS PLAN COMMITTEE,
RIDGEWORTH CAPITAL MANAGEMENT, INC.,
JORGE ARRIETA,
HAROLD BITLER, et al.,

                                        Defendants - Appellees.

_____

No. 14-13789
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cv-00784-ODE

BARBARA J. FULLER,
and all others similarly situated,

                                        Plaintiff - Appellant,

versus

SUNTRUST BANKS, INC.,
THE SUNTRUST BANKS, INC. BENEFITS PLAN COMMITTEE,
JORGE ARRIETA,
HAROLD BITLER,
MIMI BREEDEN, et al.,

                                        Defendants - Appellees,

TRUSCO CAPITAL MANAGEMENT, INC., et al.,

                                        Defendants.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(June 30, 2015)

Before ROSENBAUM and FAY, Circuit Judges, and MIDDLEBROOKS,[*] District Judge.

PER CURIAM:

        The plaintiffs in these two cases appeal from several orders and a judgment

entered in the district court concerning their claims that the defendants breached

_____

[*] Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida.

2

their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.  This Court has previously considered the dismissal of Barbara J. Fuller's claims, *see Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685 (11th Cir. 2014), but this is the first time that Selethia Pruitt's case has been presented to us.

While these appeals were pending, the Supreme Court issued its decision in *Tibble v. Edison International*, __ U.S. __, 135 S. Ct. 1823 (2015).  In *Tibble*, the Supreme Court determined that, under trust law, which illuminates the contours of an ERISA fiduciary's duties, "a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones."  135 S. Ct. at 1828-29.  Accordingly, the Supreme Court held that a plaintiff can effectively allege that a defendant breached its duty of prudence under ERISA "by failing to properly monitor investments and remove imprudent ones[,] . . . [and] so long as the alleged breach of the continuing duty occurred within six years of suit, the claim is timely."  *Id.* at 1829.

The parties, in their supplemental discussions of *Tibble* before this Court, agree with each other that these cases should be remanded to the district court for further proceedings, in light of *Tibble*.  We agree with the parties.  The Supreme Court's *Tibble* decision essentially abrogates that part of the prior panel's decision in Fuller's case concerning the application of ERISA's six-year statute of

3

limitations. *Tibble* similarly undermines the district court's dismissal of Pruitt's claims as barred by the six-year limitation. In light of *Tibble* and the parties' supplemental notices and agreement that remand is appropriate, we no longer feel that oral argument is necessary in these cases.[1] We therefore VACATE the judgment and dismissal in Pruitt's case and remand to the district court for proceedings consistent with this opinion and *Tibble*. Similarly, we VACATE the district court's denial of Fuller's motion under Rule 60(b), Federal Rules of Civil Procedure, and remand for further proceedings.[2]

The plaintiffs also ask that we assign this case to a new district judge on remand because, they contend, the judge "has made up her mind that it is not feasible to try [this] case, and that she would rule against Plaintiffs at every stage to prevent the case from going forward." Upon consideration, we do not believe that reassignment is warranted here.

While reassigning a case to a different district judge falls within our authority, we have described that course of action as a "severe remedy." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 (11th Cir. 1997); *United States v. Remillong*, 55 F.3d 572, 577 (11th Cir. 1995) (per curiam). The propriety

---

[1] *See* 11th Cir. R. 34-3(f) ("When an appeal is assigned to an oral argument panel, the oral argument panel . . . may by unanimous vote determine that the appeal will be decided by the panel without oral argument, or transfer the appeal to the non-argument calendar.")

[2] We note that procedurally, of course, *Tibble* does not overturn our prior panel's affirmance of the judgment in Fuller's case. By remanding Fuller's case, we are merely returning jurisdiction to the district court for consideration of any post-judgment motions Fuller wishes to make. We offer no opinion on the proper resolution of any such motions.

of doing so is informed by three factors:  "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; (3) whether reassignment would entail waste and duplication out of proportion to the gains realized from reassignment."  *Chudasama*, 123 F.3d at 1373 (internal quotation marks and citation omitted).  Plaintiffs offer argument on the first and third factors only.

We disagree that the judge's ruminations on the potential quality of Pruitt's trial evidence suggest that she would improperly disregard or misweigh that evidence.  Further, the fact that the district judge ruled against the appellants previously is of little impact; otherwise, every reversed case would have to be reassigned on remand.   And as the defendants point out, the fact that the judge was able to reconsider and set aside her reasoning from Fuller's case when adjudicating Pruitt's suggests that she would not have a problem setting aside her previous views.  Finally, although the case is still at the pleadings stage, the district judge has been assigned to Fuller's case for over four years and to Pruitt's for nearly three.  She has expended significant effort on the not-so-simple issues of ERISA's fiduciary duties.   Because we can discern very little, if any, benefit from reassignment, the "waste and duplication" of a reassignment outweighs any gains.  Accordingly, the request for reassignment on remand is denied.

**VACATED AND REMANDED**.