[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11634
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24749-KMW

PETER SZANTO,

                                                    Plaintiff-Appellant,

versus

JOSEPH M. BISTRITZ,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 26, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Peter Szanto, proceeding pro se, appeals the district court's sua sponte dismissal with prejudice of his complaint against Defendant Joseph Bistritz. Reversible error has been shown; we vacate the dismissal and remand for further proceedings.

Briefly stated, this civil diversity action arises from a dispute over a residential lease for real property owned by Defendant.  Plaintiff asserted against Defendant state law claims for breach of contract, fraud, and conversion/civil theft. On 25 January 2017, the parties entered into a mediated settlement agreement; pursuant to the agreement, Defendant agreed to pay Plaintiff $10,750 in exchange for a general release of all claims and dismissal of this case.

On 27 January, the district court ordered the parties to file a joint stipulation of dismissal on or before 13 February 2017.  When the parties failed to do so, the district court ordered the parties to show cause "as to why sanctions should not be imposed and the case should not be dismissed with prejudice for failure to comply with a Court Order."

Plaintiff thereafter moved for entry of judgment and for sanctions, asserting that Defendant breached the settlement agreement by failing to pay timely the

2

agreed-upon settlement amount. Defendant responded that he had attempted to disburse the settlement funds via both wire transfer and mail but that his attempts were unsuccessful because Plaintiff had failed to provide a valid bank account number or physical mailing address. Defendant also sought sanctions for costs incurred.

On 21 February 2017, the district court issued an order (1) denying the parties' motions for sanctions and for costs; (2) directing Plaintiff to provide Defendant with either a mailing address or a valid bank account number to facilitate delivery of the settlement funds; and (3) requiring the parties to file a joint stipulation of dismissal on or before 8 March. The district court warned that failure to comply with the order "will result in dismissal of this case."

Plaintiff then filed a second motion for entry of judgment and for sanctions; Defendant also moved a second time for sanctions for costs.

On 7 March 2017, the district court denied again the parties' motions and prohibited the parties from filing additional motions for sanctions. The district court also ordered (1) Defendant, on or before 9 March, to file a copy of the settlement check and proof of mailing the check to Plaintiff; (2) Defendant, on or before 14 March, to file proof of Plaintiff's receipt of the check; and (3) the parties, on or before 17 March, to file a joint stipulation of dismissal. The district court

3

warned that failure to comply with the court's order "will result in monetary sanctions . . . and immediate dismissal of this case."

On 9 March 2017, Defendant filed a notice of compliance, stating he had mailed a settlement check to Plaintiff's address-of-record and attached copies of the check and proof of mailing.  On 14 March, Defendant filed a second notice of compliance, stating Plaintiff had signed for the check on 14 March.  On 17 March, Defendant filed a "unilateral stipulation" for dismissal, explaining that Plaintiff had been unresponsive to attempts to communicate about a joint stipulation.

Meanwhile, Plaintiff filed a third motion for entry of judgment, asserting that, although he received and signed for a letter on 14 March, the enveloped contained no settlement check.

On 27 March 2017, the district court issued an order dismissing the case. The district court explained its ruling this way:

> The Court has twice attempted to help the Parties successfully
> complete the transfer of the settlement funds, and has twice warned
> the Parties that failure to adhere to the Court's instructions would
> result in dismissal of this case.  It is not clear to the Court why
> completing the transfer has been so difficult or why its orders have
> been so consistently ignored.  Nevertheless, and in light of the fact
> that the settlement agreement contains no language about retention of
> jurisdiction, the Court finds that litigation of all claims properly
> before it have concluded, and therefore finds that dismissal is
> appropriate.  Though the Parties are free to enforce their rights under
> the settlement agreement in whatever way they deem appropriate, any

4

disputes regarding a purported breach of the settlement agreement is not a part of this litigation.

Whether the district court dismissed this case for lack of jurisdiction or as a sanction for failure to comply with the court's orders is unclear; so we address both grounds.

We review de novo questions about the district court's subject matter jurisdiction. Miccosukee Tribe of Indians of Fla. v. United States Army Corps of Eng'rs, 619 F.3d 1289, 1296 (11th Cir. 2010). A district court retains "jurisdiction to enforce a settlement agreement when . . . a party claims a breach of the settlement agreement before the court has dismissed the action." Kent v. Baker, 815 F.2d 1395, 1396 (11th Cir. 1987) (vacating the district court's dismissal for lack of jurisdiction to enforce a settlement agreement). Under the circumstances of this case -- where the parties entered into a settlement agreement and then alleged a breach of the agreement before dismissal -- the district court retained jurisdiction to enforce the terms of the settlement agreement. The district court thus erred to the extent it dismissed the case for lack of jurisdiction.

We next address whether dismissal was proper for failure to comply with the district court's orders. We often write that we review the district court's dismissal for failure to comply with court orders under an abuse-of-discretion standard. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005).

5

And we say we will affirm unless we conclude that the district court made a clear error of judgment or misapplied the law.  Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1325 (11th Cir. 2005).  Nevertheless, our decisions do not favor the sanction of dismissal.

A district court may dismiss sua sponte an action for failure to comply with a court order either under Federal Rule of Civil Procedure 41(b) or under the court's inherent authority.  Betty K Agencies, Ltd., 432 F.3d at 1337.  Unless the court's dismissal order says otherwise, such a dismissal operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b); see Costello v. United States, 365 U.S. 265, 286-87 (1961).

Dismissal with prejudice "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  Betty K Agencies, Ltd., 432 F.3d at 1337-38 (emphasis in original) (quotations omitted).

Although the district court failed to specify whether dismissal was with or without prejudice, the sua sponte dismissal for failure to comply with the court's orders operated as an adjudication on the merits.  The district court was thus

6

required to make findings that the parties had engaged in a clear pattern of delay or willful contempt and that lesser sanctions would not suffice.

In its order of dismissal, the district court made no express finding that the parties had engaged in a clear pattern of delay or willful contempt.  The district court did, however, summarize the timeline of events leading up to the dismissal, including the parties' repeated failure to comply with the court's orders.  The district court also described the parties' ongoing communication issues and motions for sanctions.  We thus conclude that the district court did make an implicit finding that the parties, at the least, engaged in a clear pattern of delay.

The district court, however, made no findings -- either explicit or implicit -- that lesser sanctions were inadequate to correct the parties' conduct.  Nor does the record demonstrate that lesser sanctions (such as monetary sanctions or dismissal without prejudice) would not have sufficed.  Although the district court mentioned the possibility of monetary sanctions in its 7 March order, it imposed no monetary sanctions or other less drastic sanctions before dismissing the case with prejudice.

Our precedent is not loose when it comes to these dismissals.  Under the precedent, we conclude that the district court committed a clear abuse of discretion in dismissing the case with prejudice without first making the necessary findings to support that dismissal.  See Betty K Agencies, Ltd., 432 F.3d at 1338-40 ("Our

case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters: dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."). Overcome by precedent, we vacate the dismissal order and remand for further proceedings.

Plaintiff requests this case be reassigned to a different district court judge on remand. Although we have the authority to reassign cases on remand, we consider doing so a "severe remedy." Stargel v. SunTrust Banks., Inc., 791 F.3d 1309, 1311(11th Cir. 2015). In deciding whether reassignment is necessary, we consider three factors: "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; [and] (3) whether reassignment would entail waste and duplication out of proportion to the gains realized from reassignment." Id. at 1311-12 (quotations omitted). Having considered these factors, we are unpersuaded that reassignment is warranted in this case.

VACATED AND REMANDED.