[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14667
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cv-00187-WTH-PRL

WENDELL D. ISAAC,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
J. DOE,
Medical Corporation,
CHARLES E. SAMUELS, JR.,
Former Director of BOP,
J. DOE I,
BOP Chief Medical Director, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Wendell Isaac, a federal prisoner proceeding pro se, appeals the sua sponte dismissal without prejudice of his amended complaint deemed by the district court to be an impermissible "shotgun" pleading. On appeal, he argues that: (1) the District Court for the District of Columbia erred in transferring his case to District Court for the Middle District of Florida; (2) the district court erred in denying him leave to appeal in forma pauperis ("IFP"); (3) his complaint set forth specific factual allegations, and he was never given an opportunity to amend; and (4) if remanded, his case should be assigned to a different judge who is not biased against him. After careful review, we dismiss in part, affirm in part, and vacate and remand in part.

First, we dismiss Isaac's challenges to the transfer order and the order denying him leave to proceed IFP. Under our case law, we lack jurisdiction to review a transfer order from a district court within another circuit to a district court in this circuit. Murray v. Scott, 253 F.3d 1308, 1314 (11th Cir. 2001). The proper means to preserve review is by petition for mandamus in the transferring circuit or by a motion for re-transfer in the transferee district court. Roofing & Sheet Metal Servs, Inc. v. LaQuinta Motor Inns, Inc., 689 F.2d 982, 988-89 (11th Cir. 1982). We also lack jurisdiction when an issue is moot. Zinni v. ER Solutions, 692 F.3d 1162, 1166 (11th Cir. 2012). "[A]n issue is moot when it no longer presents a live controversy

2

with respect to which the court can give meaningful relief." Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted).

In addition, an order denying leave to appeal IFP is not a final appealable order. The proper avenue for "review" of such an order is by motion to this Court. See Fed. R. App. P. 24(a)(5) & advisory committee notes (1967) (noting that the IFP rule "establishes a subsequent motion in the court of appeals, rather than an appeal . . . as the proper procedure for calling in question the correctness of the action of the district court"); Gomez v. United States, 245 F.2d 346, 347 (5th Cir. 1957) (indicating that the correct procedure is to renew the motion in the appellate court).[1]

Here, we lack the jurisdiction to review both the transfer order from the United States District Court for the District of Columbia and the district court's denial of Isaac's motion for leave to appeal IFP. The transfer order was issued by a district court in another circuit to a district court in this circuit, thus prohibiting our jurisdiction. Further, the district court's denial of leave to file IFP is not an appealable order and, in any event, we granted Isaac IFP status on appeal, rendering this issue moot.

As for the dismissal of Isaac's amended complaint, we agree with the district court that it was an impermissible shotgun pleading, although we conclude that the

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

court abused its discretion by failing to grant Isaac leave to amend. We review for abuse of discretion a district court's dismissal for failure to comply with Fed. R. Civ. P. 8(a)(2) under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Although we hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys, we may not "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Shotgun" pleadings do not contain a "short and plain statement of the claim" and we repeatedly have condemned them. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Although there are different types of shotgun pleadings, all are characterized by their failure to give the defendants adequate notice of the claims against them and the grounds upon which each rest. Weiland, 792 F.3d at 1323. The four types are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief," and (4) a complaint

4

that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23.

When a defendant, faced with a shotgun pleading, fails to move the district court to require the plaintiff to file a more definite complaint, "the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead." Id. at 1321 n.10. In the case of a non-merits dismissal with prejudice on shotgun pleading grounds in a counseled case, district courts are required to sua sponte allow the litigant one chance to remedy the deficient pleading. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295-96 (11th Cir. 2018). After that one opportunity to replead, the district court may "dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend." Id. at 1296. We clarified that Vibe Micro "decide[d] and intimate[d] nothing about a party proceeding pro se." Id. at 1296 n.6.

In a later case reiterating that a dismissal with prejudice of a shotgun complaint must follow the provision of an attempt to amend, we explained that "[a] chance to amend a complaint does not need to come in the form of a dismissal without prejudice or the striking of a portion of the complaint's allegations," as it "can also be accomplished by ordering the party to file a more definite statement." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) (noting that

5

what matters is whether the plaintiff received fair notice of the complaint's defects and "a meaningful chance to fix them").  We've also held that dismissal of a complaint as a shotgun pleading was not warranted when: (1) each count incorporated all factual allegations but not all earlier counts; (2) the "failure to more precisely parcel out and identify the facts relevant to each claim [did not] materially increase[] the burden of understanding the factual allegations underlying each count"; (3) the complaint identified which constitutional amendment governed which counts; and (4) the complaint was sufficiently informative to permit a reviewing court to determine if it stated claims upon which relief could be granted. Weiland, 792 F.3d at1324-26.

In Pinson v. JPMorgan Chase Bank, NA, we rejected a defendant's argument that we affirm the district court's dismissal of a pro se complaint for failure to state a claim on the ground that it was a shotgun pleading.  942 F.3d 1200, 1207 (11th Cir. 2019).  We held that while the complaint incorporated all prior counts into each later count, and was perhaps longer than needed, it set forth the claims in sufficiently comprehensible fashion for the defendant and the district court to understand and address them. Id. at 1208.  We added that, while the shotgun pleading prohibition applies to pro se parties, pro se parties were entitled to more leniency.  Id.

While we can reassign a case to a different judge on remand, that course of action is a "severe remedy."  Stargel v. SunTrust Banks, Inc., 791 F.3d 1309, 1311

(11th Cir. 2015). Three factors guide whether we will do so: "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; (3) whether reassignment would entail waste and duplication out of proportion to the gains realized from reassignment." Id. at 1311-12 (quotations omitted).

A judge shall recuse himself if he is personally biased or prejudiced against a party or in favor of an adverse party, or whenever the judge's "impartiality might reasonably be questioned." 28 U.S.C. §§ 144, 455(a). "The standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." In re Walker, 532 F.3d 1304, 1310 (11th Cir. 2008) (quotations omitted). "The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1329 (11th Cir. 2002) (quotations omitted). "The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." Id. (quotations omitted). "Adverse rulings are grounds for appeal but rarely are grounds for recusal." In re Walker, 532 F.3d at 1311 (citing Liteky v. United States, 510 U.S. 540, 554 (1994)).

As the record before us reveals, the district court properly concluded that Isaac's amended complaint was a shotgun pleading. The amended complaint not only incorporates all the facts into each count, frequently lists conclusory facts, and

does not plainly set forth which facts relate to which count, but it clearly fits the fourth Weiland category because 13 of its 17 counts do not specify which of the 50 defendants they are being brought against.  Therefore, it is a shotgun pleading because it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.  See Weiland, 792 F.3d at 1323.

However, the district court abused its discretion by failing to give Isaac an opportunity to replead his claims.  The district court dismissed Isaac's amended complaint sua sponte, in the same order in which it pointed out the complaint's defects, and although the dismissal was without prejudice, the district court closed the case and did not grant leave to amend.  It's true that Isaac had already amended his complaint once, but it was only to comply with the magistrate judge's order to use the civil rights complaint form.  In other words, the district court never notified Isaac of the defects in his complaint before dismissal, and it did not furnish him an opportunity to fix them.  This failure to grant an opportunity to amend was an abuse of discretion.  See Vibe Micro, 878 F.3d at 1295-96 (providing that district courts should give litigants one opportunity to remedy a deficient pleading).  While this Court said that Vibe Micro applied to counseled parties, there is no indication that it would not apply to pro se litigants, especially since pro se parties are entitled to more

8

leniency.[2]  See Pinson, 942 F.3d at 1208; Vibe Micro, 878 F.3d at 1296 n.6.  Further, despite the complaint's defects, it raises several claims that, assuming he clarifies which counts are brought against which defendants, a reviewing court could assess whether they state a claim for relief.  See Weiland, 792 F.3d at 1324-26; Pinson, 942 F.3d at 1208.

However, we do not order Isaac's case to be assigned to a different judge on remand.  Nothing in the record suggests that the district court judge is biased against Isaac or would be unable to put aside his previous ruling.  Isaac only refers to the judicial rulings as evidence of bias, and adverse rulings, in and of themselves, are not grounds for recusal.  Thus, we do not assign this case on remand to another judge.

**DISMISSED IN PART, AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[2] We add that while the district court's dismissal here was without prejudice and Vibe Micro considered a dismissal with prejudice, it is possible that some or all of Isaac's claims would be barred by the statute of limitations if he were forced to file a new complaint now. See Justice v. United States, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (holding that dismissal without prejudice is tantamount to dismissal with prejudice when claims would be barred by statute of limitations).

9