[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12363
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80726-DMM

MONICA P. LOPEZ,

Plaintiff-Appellant,

EVA FLORES,

Plaintiff,

versus

RICKY A. DE VITO,
Lender and Loan Servicer,
MARK WILENSKY,
Officer of the Court,

Defendants-Appellees,

MEENU SASSER,
Florida State Judge in Palm Beach
County in Foreclosure Division,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and EDMONDSON,
Circuit Judges.

PER CURIAM:

Plaintiff Monica Lopez,[1] proceeding pro se,[2] appeals the district court's

orders (1) dismissing Plaintiff's civil action challenging the state-court foreclosure

proceedings on her home; (2) denying Plaintiff's motion for post-judgment relief

per Fed. R. Civ. P. 59(e) and 60(b); and (3) denying Plaintiff's motions to

disqualify the district court judge per 28 U.S.C. § 455.  Reversible error has been

shown; we vacate the dismissal of Plaintiff's claims against Defendant Wilensky

and vacate the district court's denial of post-judgment relief from that dismissal.

---

[1] Eva Flores was also named as a plaintiff in this civil action but filed no appeal.

[2] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

We remand for further proceedings.  We affirm the denial of Plaintiff's disqualification motions.

I.     Background

In June 2017, Plaintiff filed pro se this civil action against Florida State Court Judge Meenu Sasser (the presiding judge over Plaintiff's state foreclosure proceedings), Ricky De Vito (the loan servicer), and Mark Wilensky (De Vito's lawyer).[3]  Wilensky -- on behalf of himself and his law firm, Dubiner & Wilensky, LLC -- moved to dismiss Plaintiff's complaint for lack of jurisdiction and for failure to state a claim.  Plaintiff filed no response to the motion by the pertinent deadline.

On 24 August 2017, the district court issued an order to show cause why Wilensky's motion to dismiss "should not be granted for failure to respond."  In response, Plaintiff explained that she had experienced delays due to a house flood.

---

[3] Defendants Judge Sasser and De Vito are not parties to this appeal.  In an earlier order, this Court dismissed sua sponte Plaintiff's appeal about Judge Sasser.  De Vito has made no appearance in this case; absent evidence that De Vito was served with process, we conclude that he is no party to the final judgment now on appeal.  See Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1536 (11th Cir. 1987); Insinga v. La Bella, 817 F.2d 1469, 1469-70 (11th Cir. 1987).

3

The district court then extended Plaintiff's response deadline to 15 September 2017, noting that "[n]o further extensions of time will be granted."

On 18 September, a lawyer entered a notice of appearance on Plaintiff's behalf. Plaintiff's lawyer (based on delays caused by Hurricane Irma) also moved for a second extension of time to respond to Wilensky's motion. The district court granted the motion, giving Plaintiff until 25 September to file a response. No response was filed.

On 6 November, Plaintiff filed pro se a motion to discharge her lawyer based on her lawyer's purported weeks-long failure to respond to Plaintiff's phone calls or emails. Plaintiff also sought a third extension of time to respond pro se to Wilensky's motion to dismiss.

The district court denied Plaintiff's motion. The district court said that -- because Plaintiff was represented by counsel -- Plaintiff was not permitted to "act on her own behalf without leave of Court." To the extent Plaintiff sought to remove her lawyer, the district court said that Plaintiff's lawyer was required to file a motion withdrawing his representation. On 5 December, Plaintiff's lawyer filed a motion to withdraw.

4

On 20 December 2017, the district court -- relying on S.D. Fla. L.R. 7.1(c)[4] -- granted by default Wilensky's motion to dismiss based on Plaintiff's failure to respond.  The district court also granted Judge Sasser's motion to dismiss.  The district court ordered the case closed and denied as moot all pending motions.  The district court's order importantly did not specify whether the dismissal of Plaintiff's claims against Wilensky was with or without prejudice.

The district court later vacated its mootness ruling on Plaintiff's lawyer's motion to withdraw and granted that motion.  On 12 January 2018, the district court then granted Plaintiff leave to proceed pro se.

On 17 January, Plaintiff filed pro se the motion for post-judgment relief at issue in this appeal.  Among other things, Plaintiff challenged the district court's dismissal of her complaint with prejudice at a time before ruling on her lawyer's motion to withdraw and without allowing Plaintiff an opportunity to amend her complaint.  Plaintiff asserted that the district court should have instead imposed the lesser sanction of dismissal without prejudice.  Plaintiff also sought leave to amend her complaint.

---

[4] Under Local Rule 7.1(c), "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after filing and service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c)(1) (emphasis added).

5

On 4 May 2018, the district court denied Plaintiff's motion for post-judgment relief.  In pertinent part, the district court said these words:

> As stated in the [20 December 2017] Order, Defendants Wilensky and Dubiner and Wilensky's Motion to Dismiss was granted by default due to Plaintiff's consistent failure to respond to the Motion, despite the Court's repeated extensions of time to [do] so.  Plaintiff's Complaint was not dismissed with prejudice as to those Defendants, however, and therefore the Order did not deny her the right to amend her Complaint and institute a new action against those Defendants as she seems to suggest.

Plaintiff filed a notice of appeal with this Court on 4 June 2018.[5]

II.    Discussion

A.

We review a dismissal of a civil action for failure to comply with local rules under an abuse-of-discretion standard.  Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993).

---

[5] Plaintiff's timely-filed motion under Rules 59(e) and 60(b) tolled the time for filing a notice of appeal.  See Fed. R. App. P. 4(a)(4).  Accordingly, Plaintiff's notice of appeal is timely for both the district court's 20 December 2017 order and the district court's 4 May 2018 order.  See Fed. R. App. P. 4(a)(1)(A) (in a civil case, the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."); id. 26(a)(1) (if the last day of a time period falls on a Sunday, "the period continues to run until the end of the next day").

A district court has authority under Fed. R. Civ. P. 41(b) to dismiss an action for failure to comply with local court rules. Id. Such a dismissal is heavy with significance: Unless the court's dismissal order says otherwise, such a dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); see Costello v. United States, 365 U.S. 265, 286-87 (1961).

Because dismissal with prejudice "is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995). "We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing . . .." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005) (quotations and citation omitted).

As an initial matter, the district court's 20 December order failed to specify whether dismissal of Plaintiff's claims against Wilensky was with or without prejudice. As a result, the dismissal operated as a dismissal with prejudice. See Fed. R. Civ. P. 41(b); Costello, 365 U.S. at 286-87. The district court was thus required to make findings that Plaintiff had engaged in a clear pattern of delay or

7

willful contempt and -- on top of that finding -- that lesser sanctions would not suffice.

In its order of dismissal, the district court noted Plaintiff's failure to respond despite "repeated extensions" and, thus, made at least an implicit finding that Plaintiff had engaged in a clear pattern of delay.  Never did the district court, however, find that lesser sanctions were inadequate to correct Plaintiff's conduct.  To the contrary, it seems -- in the light of the district court's later statement in its 4 May 2018 order that dismissal was intended to be without prejudice -- that the district court viewed a lesser sanction to be appropriate and sufficient.

On this record -- and pressed by our precedent in this area -- we conclude that the district court abused its discretion in dismissing with prejudice Plaintiff's claims against Wilensky without first making the necessary findings to support that dismissal.  See Betty K Agencies, Ltd., 432 F.3d at 1339 ("Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in these matters:  dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.").

Moreover, we cannot conclude that the district court's words alone (saying that the December dismissal was without prejudice), made months later, cures the

8

defect.  The 20 December order operated -- then and as a matter of law -- as an adjudication on the merits of Plaintiff's claims against Wilensky: a dismissal with prejudice.  As a result, among other things, Plaintiff was barred from amending her complaint as a matter of course or with the court's leave under the standards in Fed. R. Civ. P. 15(a).  See Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010) (explaining that Rule 15(a), which governs amendments of pleadings before trial, "has no application after judgment is entered").  Instead, to amend her complaint post-judgment, Plaintiff would have had to satisfy first the more demanding standards for relief under Rule 59(e) or Rule 60(b).  See id.

We vacate the 20 December 2017 dismissal of Plaintiff's claims against Wilensky.

Because the 20 December 2017 order contained a legal error or mistake, we are also compelled to conclude that the district court abused its discretion in denying Plaintiff's motion for post-judgment relief.  We thus vacate the district court's 4 May 2018 order to the extent the district court denied post-judgment relief from the dismissal of Plaintiff's claims against Wilensky.  For background, see Arthur v. King, 500 F.3d 1335, 1343 (11th Cir 2007) (relief under Rule 59(e) is proper if the moving party presents "newly-discovered evidence or manifest errors of law or fact."), and Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401-02 (5th Cir.

9

1981) (discussing the standard for granting relief under Rule 60(b)).  We remand for further proceedings consistent with this opinion.

B.

Plaintiff next challenges the denial of Plaintiff's 28 U.S.C. § 455 motions to disqualify Judge Middlebrooks.

We review for abuse of discretion the district court's rulings on a motion for recusal.  United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999).  We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons."  Id.

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  "Bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."  Bailey, 175 F.3d at 968 (quotations omitted).

As grounds for disqualification, Plaintiff identifies these examples of Judge Middlebrooks's purported bias.  During Plaintiff's case, Judge Middlebrooks (1) failed to consider adequately Plaintiff's motion to discharge her lawyer despite actual knowledge of the communication breakdown between Plaintiff and her lawyer; (2) dismissed Plaintiff's case without first ruling on Plaintiff's lawyer's motion to withdraw; (3) denied Plaintiff an opportunity to amend her complaint; (4) dismissed Plaintiff's complaint without considering the underlying merits; (5) delayed ruling on and denied Plaintiff's motion for post-judgment relief; and (6) failed to serve Plaintiff with a notice to pay appellate fees.  As further evidence of improper bias, Plaintiff also contends that Judge Middlebrooks had a "close knit relationship" with Judge Sasser's sister:  an Assistant United States Attorney who had appeared before Judge Middlebrooks in several cases.

No unfair prejudice has been shown.  That Judge Middlebrooks ruled adversely to Plaintiff -- without more -- is insufficient to demonstrate pervasive bias or prejudice mandating recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Even an erroneous judicial ruling, by itself, constitutes proper grounds only for appeal, not recusal.  See id.  We also reject Plaintiff's contention that Judge Middlebrooks's connection with Judge Sasser's sister -- a connection that seems limited to professional activities -- constituted a valid basis for

11

disqualification.  The district court abused no discretion in denying Plaintiff's motions to disqualify.


III.    Conclusion


In sum, we vacate the district court's 20 December 2017 order dismissing Plaintiff's claims against Wilensky and vacate the district court's 4 May 2018 order denying post-judgment relief from the dismissal of those claims.  We remand the case for further proceedings.  We affirm the denial of Plaintiff's motions to disqualify.

As an alternative to disqualification, Plaintiff also requests this case be reassigned to a different district court judge on remand.  Although we have the authority to reassign cases on remand, we consider doing so a "severe remedy." Stargel v. Suntrust Banks, Inc., 791 F.3d 1309, 1311 (11th Cir. 2015).  In deciding whether reassignment is necessary, we consider three factors: "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; [and] (3) whether reassignment would entail waste and duplication out of proportion to the gains realized from reassignment." Id. at 1311-12 (quotations omitted).

12

Having considered these factors, we conclude that no reassignment is warranted in this case.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.